IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARRELL LATTISAW,<br>      Plaintiff,<br><br>v.<br><br>UPPER MARLBORO, PRINCE GEORGE'S<br>COUNTY, MARYLAND JAIL,<br>      Defendant. | *<br><br>*<br><br>CIVIL ACTION NO. AW-08-3400<br>*<br><br><br>* |

******

## **MEMORANDUM**

Defendants "Upper Marlboro, Prince George's County, Maryland Jail" and Warden Stanton have moved for dismissal against Plaintiff Darrell Lattisaw. Paper No. 14. Plaintiff has filed responses. Paper Nos. 16, 17 and 19. Paper No. 21. No hearing is necessary to resolve the issues before the Court. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the dispositive motion filed by Defendants will be granted.

**Standard of Review**

**Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by

1

showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**Background**

Plaintiff alleges that while house din the Prince George's County Detention Center, Correctional Employee Brown gave him medication. Plaintiff alleges that only medical personnel may distribute medication. Plaintiff also alleges that due to the unsanitary conditions of his confinement he contracted a staph infection and other skin ailments. Paper No. 1. He was given an opportunity to supplement his claims, including naming individual defendants. Paper No. 4. He has named the Warden of the facility as well as "Upper Marlboro, Prince George's County, Maryland Jail" as Defendants.

**Analysis**

**A.      Claim against "Upper Marlboro, Prince George's County, Maryland Jail"**

Plaintiff filed this complaint under 42 U.S.C. § 1983 against Defendant "Upper Marlboro, Prince George's County, Maryland Jail." Esential to sustaining an action under § 1983 are the presence of two elements. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins***,** 487 U.S. 42, 48 (1988). There is no legal entity named "Upper Marlboro, Prince George's County, Maryland Jail." Because thus Defendant is not a "person" subject to suit or liability

under § 1983, Plaintiff's claims against it must be dismissed.

**B.     Claim against the Warden**

The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit).  Liability of supervisory officials is not to be "based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) *citing Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).  Plaintiff has failed to make such allegations.

**C.     Medication Claim**

Plaintiff's claim that a correctional employee distributed his medication is also subject to dismissal. Plaintiff does not state what injury he suffered as a result of a correctional employee (as opposed to a medical employee) distributing his medication.  Absent personal deprivation or injury, he may not proceed under a § 1983 theory of liability.  *See generally Allen v. Wright*, 468

3

U.S. 737, 751 (1984).  Accordingly his claim will be dismissed in a separate Order.

## Conclusion

In light of the foregoing, Defendants' Motion to Dismiss shall be granted.   A separate order follows.

Date:  September 23, 2009

          _____/s/_____
          Alexander Williams, Jr.
          United States District Judge